UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIEZER PEREZ,

    Petitioner,

v.

BARRY D. DAVIS,

    Respondent,

Civil No. 05-CV-74586-DT
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER VACATING THE MAGISTRATE JUDGE'S ORDER OF RESPONSIVE PLEADINGS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DENYING THE MOTION FOR AN ENLARGEMENT OF TIME AS MOOT.

On December 5, 2005, petitioner filed an application for a writ of habeas corpus, in which he challenged his conviction in the Wayne County Circuit Court for assault with intent to do great bodily harm, M.C.L.A. 750.84; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. On December 22, 2005, Magistrate Judge R. Steven Whalen signed an order requiring responsive pleadings pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and ordered a responsive pleading from respondent by February 10, 2006.

Petitioner has now filed an objection to Magistrate Judge Whalen's responsive pleading order, claiming that Magistrate Judge Whalen erred in construing his petition as being brought under 28 U.S.C. § 2254. Petitioner contends that he did not intend to file an application for a writ of habeas corpus pursuant to § 2254, but

1

pursuant to 28 U.S.C. § 2241. Respondent has also filed a motion for an extension of time.

This Court believes that Magistrate Judge Whalen was correct in construing petitioner's habeas application as having been brought pursuant to 28 U.S.C. § 2254, even though petitioner filed his habeas petition challenging his state court convictions under 28 U.S.C. § 2241. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). 28 U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of courts have held that because § 2254 is the more specific statute regarding habeas applications which challenge state court judgments, the provisions of that section take precedence over Section 2241. *See Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. N.Y. State Division of Parole*, 321 F.3d 274, 279, n. 4. (2nd Cir. 2003); *Coady v. Vaughn,* 251 F.3d 480, 484-85 (3rd Cir. 2001).

If this Court were to permit petitioner to use 28 U.S.C. § 2241 to challenge his state court convictions, he would not be subject to: (1) the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1); (2) the deferential review accorded to state court decisions under 28 U.S.C. § 2254(d)(1) and (2); (3) the AEDPA's limitations on successive petitions, contained in 28 U.S.C. § 2244(b)(2); and (4) state court exhaustion requirements. *See White v. Lambert,* 370 F.3d 1002, 1008 (9th Cir. 2004).

Therefore, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed.Appx. 94, 95 (6th Cir. 2002).

> "[W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)."

*Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)(*quoting Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)).

Petitioner is correct, however, that before a district court re-characterizes a habeas petition brought under 28 U.S.C. § 2241 or some other section as a petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton,* 391 F. 3d 710, 713 (6th Cir.

3

2004)(citing *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002)). The re-characterization of a petition brought pursuant to 28 U.S.C. § 2241 as a § 2254 petition without prior notice to the petitioner may bar him or her from asserting a habeas challenge to his or her state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C. § 2244(b). *Id.*

In light of the foregoing, Magistrate Judge Whalen should have given notice to petitioner of his intent to re-characterize the petition as being brought under § 2254 and should have given Petitioner the option of voluntarily withdrawing his petition without prejudice. *See Cook*, 321 F.3d at 282. Because it is apparent from petitioner's objection to the magistrate judge's order that he did not intend to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court believes the proper remedy should be to vacate the original order requiring responsive pleadings and to enter an order dismissing the petition without prejudice. *See also Warren v. Miller,* 2005 WL 3007107, * 3 (W.D. Mich. November 9, 2005)(dismissing petition for writ of habeas corpus brought by state prisoner under section 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254).

In light of the fact that the Court is vacating the order requiring responsive pleadings, respondent's motion for an enlargement of time is denied as moot.

Based upon the foregoing, IT IS ORDERED that the Order Requiring

Responsive Pleading is **VACATED** and the Petition for a Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that respondent's Motion for Enlargement of Time to File an Answer is **DENIED AS MOOT.**

                                 /s/ Denise Page Hood
                                 **HONORABLE DENISE PAGE HOOD**
                                 **UNITED STATES DISTRICT JUDGE**

**Dated:** June 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2006, by electronic and/or ordinary mail.

                                 s/William F. Lewis
                                 Case Manager